[Cite as *State v. Dent*, 2019-Ohio-1510.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-592 |
| v. | : | (C.P.C. No. 16CR-3445) |
| Alvin C. Dent, Jr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 23, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Brian J. Rigg*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Alvin C. Dent, Jr., appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas pursuant to jury verdicts finding him guilty of engaging in a pattern of corrupt activity, trafficking in cocaine, and illegal manufacture of drugs. For the following reasons, we affirm in part and reverse in part.

I. Factual and Procedural Background

{¶ 2} On June 24, 2016, a Franklin County Grand Jury indicted Dent and three co-defendants, Wendell Brandon, William Walker, Jr., and Drakkar Groce, with various drug and firearm offenses. Specifically, Dent was charged with Count 1 - engaging in a pattern

of corrupt activity in violation of R.C. 2923.32, a felony of the first degree; Count 2 - trafficking in cocaine in violation of R.C. 2925.03, a felony of the first degree; Count 3 - possession of cocaine in violation of R.C. 2925.11, a felony of the first degree; Count 4 - illegal manufacture of drugs in violation of R.C. 2925.04, a felony of the second degree; Count 20 - improperly handling firearms in a motor vehicle in violation of R.C. 2923.16, a felony of the fourth degree; and Count 21 - having weapons while under disability in violation of R.C. 2923.12, a felony of the third degree. Counts 1 through 4 also included a firearm specification pursuant to R.C. 2941.141(A). The trial court severed Counts 20 and 21 of the indictment but ordered a joint jury trial on the remaining counts against Dent with co-defendants Walker and Groce.[1]

{¶ 3} At the trial, Detective Gauthney testified that the City of Columbus Division of Police received a citizen's complaint regarding increased foot traffic and suspected drug activity at 1639 Greenway Avenue. Gauthney conducted both spot checks and longer surveillance periods. During these, he noticed people going to the front and back doors, entering the house, and leaving five to ten minutes later. Gauthney used a confidential informant to do a controlled buy, which resulted in the purchase of crack cocaine. The next day, Gauthney obtained a search warrant for 1639 Greenway Avenue. During the execution of the search warrant, Gauthney noticed that a television was displaying what was occurring in the kitchen. The video surveillance system was seized along with drugs, firearms, cash, ammunition, and scales. The Attorney General's office was able to download footage of the day the search warrant was executed from the surveillance system. The footage was condensed into 25 video clips that were played for the jury.

{¶ 4} With regard to Dent, one clip shows that he and Groce spent around 14 minutes adjusting the angle of the video camera in the kitchen. In another clip, Dent is seen pulling a clear plastic baggie with a white substance from the rear of his pants. Other clips show Dent standing at the microwave weighing a substance and putting it into baggies. Later clips have Dent exchanging cash and baggies with his co-defendants. Approximately three hours before the execution of the search warrant, Dent is observed leaving 1639 Greenway.

---

[1] Brandon entered into a plea agreement prior to trial.

{¶ 5} The state also called the forensic scientist for the Columbus Police Crime Laboratory who analyzed the drug evidence seized from 1639 Greenway Avenue. She testified that the items tested positive for cocaine with a total weight of 28.942 grams.

{¶ 6} The jury found Dent guilty of Counts 1 through 4 and the accompanying firearm specifications. Dent entered a guilty plea to having weapons while under disability, and the trial court entered a nolle prosequi for Count 20. The trial court sentenced Dent to prison for a total term of 22 years.

## II. The Appeal

{¶ 7} Dent appeals his convictions and assigns the following assignments of error.

> 1. The trial court erred when it denied the defendant-appellant's criminal rule 29 motions for acquittal.
>
> 2. The verdict of guilty to murder [sic] is against the manifest weight of the evidence.

{¶ 8} As Dent's assignments of error relate only to the counts that he went to trial on, his conviction for having weapons while under disability is unaffected by this appeal.

## III. Crim.R. 29 Motion for Acquittal

{¶ 9} In the first assignment of error, Dent argues that the state failed to present sufficient evidence to survive a Crim.R. 29 motion for acquittal. Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally adequate to support a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Whether the evidence is legally sufficient to support a verdict is a question of law. *Id.* In determining whether the evidence is legally sufficient to support a conviction, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

### A. Engaging in a Pattern of Corrupt Activity

{¶ 10} In this case, Dent was convicted of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) which provides that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity."

{¶ 11} A "pattern of corrupt activity" is defined in R.C. 2923.31(E) as "two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(I) provides that corrupt activity includes engaging in or conspiring to engage in predicate offenses such as trafficking, possessing, or manufacturing of drugs.

{¶ 12} Dent argues that the evidence presented at trial was insufficient to prove that he engaged in an enterprise of drug trafficking and/or manufacturing of drugs because the state's only evidence is video footage from "a one time, and brief, engagement." This court recently decided in an appeal from one of Dent's co-defendants that an "association-in-fact enterprise" requires three elements: (1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. *State v. Groce*, 10th Dist. No. 18AP-51, 2019-Ohio-1007, ¶ 21, quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009). In reviewing the evidence presented at trial, the *Groce* panel noted that all of the predicate offenses occurred on the same day and in the same location. Because the state did not present evidence that the relationships between the co-defendants extended beyond a single day, this court held that the state did not put forth sufficient evidence that these predicate offenses were not isolated and failed to establish the longevity prong of the *Boyle* test and the statutory definition of pattern of corrupt activity. *Groce* at ¶ 24.

{¶ 13} As this case involves the exact same evidence, based on *Groce*, we conclude that there is insufficient evidence for a trier of fact to conclude beyond a reasonable doubt that Dent engaged in a pattern of corrupt activity.

### B. Trafficking in and Possession of Cocaine

{¶ 14} Dent also argues that there was insufficient evidence to establish trafficking in and possession of cocaine in counts 2 and 3 with regard to the 28.942 grams of cocaine recovered during the execution of the search warrant at 1639 Greenway Avenue. Trafficking in cocaine in violation of R.C. 2925.03(A)(2) provides that "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * * when the offender knows or has reasonable cause to believe that the controlled substance * * * is intended for sale or resale by the offender or

another person."  A person is guilty of possession of cocaine pursuant to R.C. 2925.11 when the person knowingly obtains, possesses, or uses a controlled substance.

{¶ 15}  Dent argues that the evidence presented at trial was insufficient to establish that he possessed the drugs seized during the execution of the search warrant.  He contends that several hours passed between him leaving 1639 Greenway Avenue and the search so it was possible other people delivered the drugs to that address during the intervening hours.

{¶ 16}  "Possession of a controlled substance may be actual or constructive." *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶ 27 (10th Dist.).  Actual possession of a drug is established by evidence showing that the drug was within the immediate physical control of the offender.  *Id.*  "Constructive possession exists when a person knowingly exercises dominion and control over an object, even though the object may not be within the person's immediate physical possession." *Id.*, citing *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus.   Because the crack cocaine here was not found on Dent or his co-defendant's person, the state was required to prove constructive possession. Circumstantial evidence alone may be sufficient to support the element of constructive possession. *Jenks* at 272-73. Absent a defendant's admission, the surrounding facts and circumstances, including the defendant's actions, constitute evidence from which the trier of fact can infer whether the defendant had constructive possession over the subject drugs. *State v. Stanley*, 10th Dist. No. 06AP-323, 2007-Ohio-2786, ¶ 31.  Furthermore, "Ohio courts have rejected the proposition that 'the underlying drug possession offense * * * occurs only at the moment the police execute the search warrant." *State v. Walker*, 10th Dist. No. 14AP-905, 2016-Ohio-3185, ¶ 85, quoting *State v. Benton*, 8th Dist. No. 82810, 2004-Ohio-3116, ¶ 29.

{¶ 17}  When viewed in a light most favorable to the state, the evidence presented at trial was legally sufficient to prove Dent's constructive possession of the cocaine found. Dent and his co-defendants were charged as both the principal offender and as a complicitor.   The video evidence shows that Dent and his co-defendants weighing, packaging, and cooking crack cocaine on the day of the search.  Several video clips depict them trafficking small rocks of crack cocaine to visitors.  There is also footage of them placing the crack cocaine in the kitchen cabinets.  Police later recovered crack cocaine from those cabinets.  Gauthney testified that had anyone else placed drugs in those cabinets, the

surveillance system would have captured that activity. From this evidence, it was reasonable for the jury to find that Dent and his co-defendants possessed the cocaine and intended to sell it.

### C. Illegal Manufacture of Drugs

{¶ 18} Dent was also convicted of illegal manufacture of drugs in violation of R.C. 2925.04, which provides that "[n]o person shall * * * knowingly manufacture or otherwise engage in any part of the production of a controlled substance." Dent simply claims that the evidence was insufficient on this count without any further explanation. We disagree.

{¶ 19} Again, the video evidence shows Dent weighing, cutting, and packaging crack cocaine. While Dent engaged in this activity, one video clip captures Groce cooking crack cocaine and showing it to Dent. The scales and measuring cup recovered during the search tested positive for cocaine residue. The substance that Groce was cooking was placed into the kitchen cabinet. Police discovered cocaine in that cabinet. As Dent was charged as both a principal offender and a conspirator, this evidence was sufficient to sustain Dent's conviction for illegal manufacture of drugs.

### D. Firearm specifications

{¶ 20} Firearm specifications were attached to Counts 1 through 4 of the indictment, which alleged that Dent and/or his co-defendant had a firearm on or about his person or under his control at the time of the offense. The parties stipulated that the three firearms seized during the execution of the search warrant were operable. Again, Dent simply states that there was not sufficient evidence to support any of the firearm specifications conviction without further explanation.

{¶ 21} Neither Dent nor his co-defendants were present when three firearms were recovered from 1639 Greenway Avenue. A defendant may nonetheless be found guilty of a firearm specification if the weapon is under the defendant's control for the purposes of R.C. 2941.141. *Walker* at ¶ 64, quoting *State v. Harry*, 12th Dist. No. CA2008-01-013, 2008-Ohio-6380, ¶ 53. The video evidence was sufficient to establish that Dent and his co-defendants exercised sufficient dominion and control over the house. Dent and Groce spent time assuring that the surveillance system was set up to their satisfaction. In one video clip, someone can be seen answering the back door while carrying a firearm. From this evidence,

a jury could reasonably infer that Dent and/or his co-defendants had sufficient dominion and control over the house and the firearms therein.

{¶ 22} Accordingly, there was sufficient evidence to support Dent's convictions for trafficking in cocaine, possession of cocaine, and illegal manufacture of drugs, as well as the attendant firearm specifications. Based on this court's decision in *Groce*, there was insufficient evidence to sustain a conviction for engaging in a pattern of corrupt activity and its accompanying firearm specification. Therefore, the first assignment of error is sustained in part and overruled in part.

## IV. Weight of the Evidence

{¶ 23} In the second assignment of error, Dent argues that his convictions are against the manifest weight of the evidence. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *Thompkins*, 78 Ohio St.3d at 387. When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *State v. Strider-Williams*, 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.

{¶ 24} In addressing a manifest weight of the evidence argument, we are able to consider the credibility of the witnesses. *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6. However, in conducting our review, we are guided by the presumption that the jury, or the trial court in a bench trial, " 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.*, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). Accordingly, we afford great deference to the jury's determination of witness credibility. *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 26, citing

*State v. Jennings*, 10th Dist. No. 09AP-70, 2009-Ohio-6840, ¶ 55.  *See also State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus (credibility determinations are primarily for the trier of fact).

{¶ 25} Dent's arguments that his convictions are against the manifest weight of the evidence is repetitive of his sufficiency argument.  He contends that surveillance footage showing someone answering the door while in the possession of a firearm occurred before he arrived at 1639 Greenway Avenue.  Dent further states that he was not caught with drugs on his person and that he left the house several hours before the search occurred, and drugs were recovered.

{¶ 26} Based on our review of the record, we conclude that the jury did not clearly lose its way so as to create a manifest injustice on the remaining counts and firearm specifications.  The video evidence is substantial.  Although Dent argues that evidence shows one brief engagement, there is substantial footage of Dent and his co-defendants weighing, packaging, cooking, and trafficking cocaine.  Firearms and drugs were seized as a result of the search warrant.  We therefore conclude that Dent's convictions for trafficking in cocaine, possession of cocaine, and illegal manufacture of drugs are not against the manifest weight of the evidence.

{¶ 27} The second assignment of error is overruled.

{¶ 28} Based on the above, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part.  We remand this matter to that court for further proceedings consistent with this decision.

*Judgment affirmed in part and reversed in part; cause remanded.*

DORRIAN and BRUNNER, JJ., concur.

_____